WILLIAM GORDON MEANS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 53376.   Promulgated December 15, 1933.

*Earle W. Carr, Esq.*, for the petitioner.
*Prew Savoy, Esq.*, for the respondent.

## OPINION.

SMITH: In this proceeding the respondent contends that the correct basis for the determination of the gain realized by the petitioner from the sale of his partnership interest in OBrion, Russell & Co. is $11,294.34, the cash outlay made by the petitioner in the acquisition

of the fractional parts of the interest sold. The petitioner, on the other hand, contends that the correct basis is $86,878.65, representing the cash outlay of $11,294.34 plus $59,098.58, the claimed value of the interest acquired without any cash outlay on January 1, 1918, plus $16,485.73, the claimed March 1, 1913, value of the interest acquired on June 2, 1924.

The basis of the petitioner's contention is that there was a gift to him of the above mentioned values of the interests acquired in 1918 and in 1924, the petitioner admitting that so far as the interest acquired in 1924 is concerned the basis for the computation of the gain upon the sale is the March 1, 1913, value of the interest. The methods of computing the January 1, 1918, value of the interest acquired on that date and of computing the value on March 1, 1913, of the interest acquired in 1924 is set forth in our findings as stipulated by the parties.

There is no evidence that the petitioner's associates had any donative intent in permitting the petitioner to acquire the interests in 1918 and in 1924. The facts appear to be that the petitioner had proved his value as an insurance man. In order to make his employment attractive they permitted him to acquire an interest in the partnership, which was operated without capital and with tangible assets of a negligible value. The arrangements made with the petitioner were apparently to the mutual advantage of all concerned. There is no evidence that the petitioner could have sold his interests immediately after acquisition. In any event it was not contemplated that he should do so.

The petitioner testified that when he acquired his additional interest in 1924 he paid $1.25 a share upon the acquisition of 2,500 units or shares; that " it was a custom to pay that amount of money to the other subscribers outside of " his own firm when a member was permitted to increase his interest by the acquisition of additional shares. This testimony to our minds indicates that there was no intention on the part of the petitioner's associates to make a gift to the petitioner.

We sustain the respondent's contention that the basis for the computation of the gain upon the sale of the petitioner's interest in 1928 was $11,294.34, the cost to the petitioner of acquiring his total interest.

The respondent has moved to increase the deficiency determined for the year 1928 upon the ground that the sale price of the petitioner's interest was not $100,000, but was in truth $150,000, $100,000 of which was paid in cash in 1928 and the balance of $50,000 to be paid at the rate of $10,000 a year for a period of five years.

The burden of proving that the petitioner received a consideration of more than $100,000 in 1928 is upon the respondent. In our opinion he has not carried that burden. The evidence shows that the petitioner was required to perform services for the company during the five-year period in question and that it was for those services that the petitioner was to be paid $10,000 a year. It is furthermore to be noted that the cash paid to the petitioner in 1928 was paid by Bayard Tuckerman, Jr., and not by the firm of OBrion, Russell & Co. The firm paid the compensation at the rate of $10,000 a year, and not Tuckerman, who acquired the petitioner's interest. The petitioner testified that he had always considered the amounts paid to him by OBrion, Russell & Co. during the five-year period as compensation for services rendered and so reported that compensation on his income tax returns. We are of the opinion that the petitioner properly reported such compensation.

*Judgment will be entered under Rule 50.*